989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re The JULIEN COMPANY, Debtor,
Jack F. MARLOW, Trustee for The Julien Company, Plaintiff-Appellee,
v.
ROLLINS COTTON COMPANY, a division of LOR, Inc., Defendant-Appellant.
 No. 92-6511.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1993.
 
 Before MARTIN and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant appeals the order of the district court reversing summary judgment in its favor and remanding the matter to the bankruptcy court for a trial on the issues presented. The Trustee now moves to dismiss the appeal for lack of jurisdiction, asserting that the district court's order is not a final order pursuant to 28 U.S.C. § 158(d). Defendant opposes the motion to dismiss.
 
 
 2
 In its order reversing the grant of summary judgment by the bankruptcy court, the district court found that the record demonstrated the existence of genuine issues of material fact, precluding the entry of summary judgment. A district court order remanding a bankruptcy proceeding to the bankruptcy court for factual determinations is not a final order. See In re Frederick Petroleum Corp., 912 F.2d 850, 853 (6th Cir.1990) (requiring the application of Rule 54(b), Fed.R.Civ.P., to bankruptcy appeals to establish a "bright line" test for determining finality); In re Gardner, 810 F.2d 87, 91 (6th Cir.1987) (a remand order is final unless it "remands the case for a factual determination on an issue central to the case ..."). We conclude that the district court's order is not a final order and, consequently, we lack jurisdiction.
 
 
 3
 It therefore is ORDERED that the motion to dismiss for lack of jurisdiction is granted.